## CIRCUIT COURT OF RICHMOND COUNTY

L. C. Arthur Trucking, Inc.

v.

Jesse J. Evans

August 21, 1990

By JUDGE JOSEPH E. SPRUILL, JR.

L. C. Arthur Trucking, Inc. (secured party) sold a tractor trailer truck to Jesse J. Evans (debtor). Secured party financed the truck by accepting debtor's note which was secured by a lien against the truck. Debtor defaulted and secured party repossessed the truck. After ten days' notice to debtor, secured party purchased the truck at a private sale. There was no advertisement or public notice of the sale.

Secured party now seeks judgment against debtor for the deficiency.

Debtor argues that the secured party should not be permitted to purchase the collateral at a private sale and is therefore not entitled to a deficiency judgment.

Virginia Code § 8.9-504 requires the secured party to dispose of property repossessed after default in a "commercially reasonable" manner. The secured party himself may buy at a private sale if the collateral *is of a type customarily sold in a recognized market or is of a type which is subject of widely distributed standard price quotations. See* § 8.9-504(3).

The issue is whether secured party has complied with

the requirements of the Uniform Commercial Code, specifically § 8.9-504.

In a challenge to the reasonableness of a sale of repossessed property, the secured party bears the burden of proof that the sale was commercially reasonable. Here, the unrebutted evidence is that the value of the truck "in good shape" was $11,000 to $12,000; that secured party paid $6,000 at the private sale for the truck; that he expended $8,000 to repair the truck to put it back in service. Secured party testified he did not advertise because "nobody wanted it" in the shape it was in when he repossessed it. The evidence thus establishes that secured party expended $14,000 on a truck which would be worth between $11,000 and $12,000. This unchallenged testimony does not indicate the sale was commercially unreasonable from debtor's perspective.

We conclude, therefore, that the sale was commercially reasonable and the price paid by secured party was fair.

Next, we consider whether the collateral was of a type customarily sold in a recognized market *or* is of a type subject of widely distributed standard price quotations. Because of the volume of tractor trailer truck traffic apparent from common observation, we presume there must be a recognized market where these vehicles are bought and sold. Whether this type of commodity is the subject of widely distributed standard price quotations is less clear. There are a number of vehicle price publications which normally contain high and low ranges of prices and are understood to provide a starting point at which a final price is established. Many variables are taken into account in setting the price of a motor vehicle. Because the statute is written in the disjunctive, it is not necessary to determine whether the collateral in this case was subject of widely distributed standard price quotations, having found that there is a recognized market for such collateral.

We note further that even if the sale to secured party met neither of the standards, having concluded that fair market value was paid by secured party, he is entitled to a deficiency judgment. *See Tazewell Oil Co. v. Miners and Merchants Bank and Trust Co.*, 19 Va. Cir. 245 (1990).

In *Wang v. Wang*, 444 N.W.2d 740, 8 U.C.C. Rep. Serv. 2d 1262 (S.D. 1989), where a secured party failed to

comply with the default provisions of the Code, the secured party was nevertheless allowed to recover the difference between the amount that would have been obtained through a sale conducted according to law and the amount actually owed. The Court reasoned there that there was no need to provide the debtor with a windfall of an automatic release. Applying this rationale, and having concluded that the amount paid by secured party at the private sale was indicative of the fair market value of the collateral, we hold the secured party is entitled to the deficiency sued for. Thus, the debtor will be paying exactly what he bargained to pay and the secured party will be made as "whole" as the circumstances permit.